# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06-CV-370-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| $37,281.00 in United States Currency, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on "Claimant Steven Coburn's Motion to Dismiss Government's Complaint For Forfeiture In Rem" (Document No. 6), filed November 27, 2006; "Government's Response To Claimant's Motion To Dismiss And Government's Motion To Strike Claim" (Document No 7), filed December 14, 2006; and "Claimant Steven Coburn's Reply To Government's Response To Claimant's Motion To Dismiss And To Government's Motion To Strike Claim" (Document No. 8), filed December 26, 2006. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and there are motions in this matter ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> Claimant's motion to dismiss and will <u>deny</u> the Government's motion to strike claim.

## I. BACKGROUND

This action seeks forfeiture of the defendant property, currency in the amount of $37,281.00, based on allegations that "it is the proceeds of the transportation of stolen property in interstate commerce and/or was involved in money laundering crimes." (Document No. 1 at 1).

The defendant property was seized by FBI agents and other law enforcement officers on November 2, 2005, near the I-85 exit for Grover, North Carolina. The defendant property was seized from a van registered to Edward Joe Smith ("Smith") of Bessemer City, North Carolina.[1] The seizure resulted from an investigation of interstate transportation of stolen property and receipt of stolen goods. The underlying transaction is alleged to be part of a larger scheme involving the theft of over-the-counter pharmaceutical, health care, and beauty products which are "fenced" to buyers and then "cleaned" and re-sold through companies in Florida.

On November 2, 2005, Smith traveled to a flea market in Pickens, South Carolina, where he delivered approximately 50 boxes of stolen merchandise to Steven Lee Coburn ("Claimant"), a resident of Florida. In exchange for the stolen merchandise, Smith received the defendant currency. On that same day, other agents and officers followed Claimant's vehicle and seized the boxes of stolen merchandise from Claimant.

On December 6, 2005, less than 60 days after the seizure of the defendant property, the FBI sent notice of administrative forfeiture to Smith, the person from whom the currency was seized. Then on April 12, 2006, apparently out of an abundance of caution, the FBI also sent a notice to the Claimant. The United States filed its "Complaint For Forfeiture <u>In Rem</u>" (Document No. 1) on August 28, 2006.

On November 7, 2006, Claimant filed a "Verified Statement of Interest" (Document No. 5) in which he conceded that he provided the disputed funds to Smith on or about November 2, 2005, but claimed to be the owner of the defendant property and denied any knowledge that the

---

[1] According to the government, prior to the seizure, Edward Smith was in the van as a passenger and Kenny Smith of Kings Mountain, NC had been operating the vehicle.

2

merchandise he exchanged those funds for may have been stolen property.

Claimant then filed "Claimant Steven Coburn's Motion To Dismiss Government's Complaint For Forfeiture In Rem" (Document No. 6), on November 27, 2006. Pursuant to 18 U.S.C. § 983(a)(1)(F) and Rule 12(b), Claimant seeks to have the Court dismiss the government's Complaint and return the seized funds. Principally, Claimant's motion contends that the Government failed to provide Claimant with timely notice of its intent to seek forfeiture of the seized funds.

The "Government's Response To Claimant's Motion To Dismiss And Government's Motion To Strike Claim" (Document No. 7) was filed on December 14, 2006. The government's position is essentially that Claimant lacks standing. Specifically, the government argues that the defendant property was seized from Smith, in a van occupied by and registered to Smith, and therefore under 18 U.S.C. § 983(a)(1)(F), the Claimant is not the "person from whom the property was seized" and thus was not entitled to a notice of seizure of the defendant property. The government moves to strike the claim due to Claimant's lack of standing.

## II. STANDARD OF REVIEW

A motion to dismiss tests the "legal sufficiency of the complaint." Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). As recently explained by the Supreme Court in Erickson v. Pardus, 127 S.Ct. 2197 (2007):

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Id. at 2200 (citations omitted). The Court further explained in Bell Atlantic Corp. v. Twombly, 127

S.Ct. 1955 (2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, ... [f]actual allegations must be enough to raise a right to relief above the speculative level....

Id. at 1964-65 (citations omitted). The Court went on to hold that "[o]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 1969.

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

A motion to strike pursuant to Fed.R.Civ.P. 12(f) allows that a court "[u]pon motion made by a party ... may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . " [b]ut despite this beneficial purpose, such motions "are viewed with disfavor and are infrequently granted." Buser v. Southern Food Serv., 73 F.Supp. 2d 556, 559 (M.D.N.C. 1999). "It is also frequently stated that the motion to strike should be denied if substantial questions of fact appear at the pleading stage of the proceedings, and it further appears they will be in need of final determination." Shenandoah Life Ins. Co. v. Hawes, 37 F.R.D. 526, 529 (E.D.N.C. 1965). "However, a motion to strike will be granted when the defense is clearly legally

insufficient as, for example, when there is clearly no bona fide issue of fact or law. Mary Jo Richardson v. Scotland Mem. Hosp., 1996 U.S. Dist. LEXIS 3973 at * 4 (M.D.N.C. 1996); see also NCUA v. First Union Capital Mkts. Corp., 189 F.R.D. 158, 162 (D. Md. 1999).

### III. DISCUSSION

Claimant seeks to dismiss the government's complaint for forfeiture in rem pursuant to 18 U.S.C. § 983(a)(1)(F) and Rule 12(b). The statute in question reads:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to **the person from whom the property was seized**, and no extension of time is granted, the Government shall return the property **to that person** without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that **the person from whom the property was seized** may not legally possess.

18 U.S.C. § 983(a)(1)(F) (emphasis added). Subparagraph (A) provides in pertinent part:

> in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than **60 days** after the date of the seizure.

18 U.S.C. § 983(a)(1)(A)(I) (emphasis added). Claimant contends that the FBI failed to provide him notice of its intent to seek forfeiture of the funds it seized on November 2, 2005, until April 12, 2006, - 161 days after the funds were seized. Claimant argues that "pursuant to the plain language" of 18 U.S.C. § 983(a)(1)(F), this Court should grant the motion to dismiss and the funds should be returned to him. (Document No. 6 at 3).

The government's response contends that notice of administrative forfeiture was sent to Edward Smith, "the person from whom the property was seized," on December 6, 2005, within the

5

60 days allowed by 18 U.S.C. § 983(a)(1)(A)(I). The government argues that Claimant lacks standing because he has acknowledged that he provided the funds to Edward Smith and therefore was clearly not the person from whom the property was seized. Furthermore, a failure to give notice to "the person from whom the property was received" would only trigger an obligation to return the property "to that person." In this case "that person" would be Smith, not Claimant. See 18 U.S.C. § 983(a)(1)(F).

The government provides the following support for its argument:

> "'Standing . . . is literally a threshold question for entry into a federal court, because of the constitutional limitation of federal court jurisdiction to cases and controversies." For this reason, courts have held that "in order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise, there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts."

United States v. 5201 Woodlake Drive, 895 F. Supp. 791, 793 (M.D.N.C. 1995) (citations omitted). The government argues that "a claimant must come forward with some evidence of ownership; a mere assertion thereof without proof is insufficient to establish standing." United States v. Real Prop. Described in Deeds, 962 F. Supp. 734, 737 (W.D.N.C. 1997).

However, the government does acknowledge that it sent the Claimant a notice on April 12, 2006, and notes that more specific requirements of notice are required by Customs laws; for example, 18 U.S.C. § 981(d) requires notice "to each party who appears to have an interest in the seized article." Nevertheless, the government maintains that "[o]n the undisputed record in this case, [Claimant] may have a claim for breach of contract or warranty or even fraud against Smith ... but he is not an owner of the defendant currency." (Document No. 7 at 6).

In addition to challenging Claimant's standing to bring his motion to dismiss, the government

also contends that the very same reasoning supports its own motion to strike the claim.

The undersigned disagrees and finds that both motions are premature and should be denied. First, it is apparent that the Claimant's argument for ownership of the seized funds and his standing in this case are inextricably intertwined. "Courts have repeatedly cautioned against confusing the constitutional standing inquiry with the determination on the merits of the forfeiture action." DeSaro v. United States, 173 Fed. Appx. 760, 764 (11th Cir. 2006) (unpublished) (citations omitted). Next, the burden for Claimant to establish standing is not rigorous:

> To have standing, a claimant need not prove the underlying merits of the claim. The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property. We have held in numerous cases that a colorable ownership interest "may be evidenced in a number of ways, including showings of actual possession, control, title and financial stake."

United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013 (8th Cir. 2003)(citations omitted).

The undersigned finds that in this case, Claimant should be allowed a further opportunity to support his "colorable interest in the property." Claimant asserts in his reply brief (Document No. 8) that he intends to present an innocent owner defense pursuant to 18 U.S.C. 983(d). That statute provides in part: "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving the claimant is an innocent owner by a preponderance of evidence."

Consequently, the undersigned finds that it would be premature to strike Claimant's claim. To the extent that motions to strike are generally disfavored, that the Claimant's defense is not clearly legally insufficient, and with the view that further development of this case through discovery and the briefing of future dispositive motions would be appropriate and promote the interests of

justice, the undersigned will deny the government's motion to strike.

Likewise, Claimant's motion to dismiss will be denied. At this point, it seems the "plain language" of 18 U.S.C. § 983(a)(1)(F), is actually more favorable to the government's position in that there is no evidence that the defendant property was seized from the Claimant or that it could be returned to him under the statute he cites. Furthermore, although Claimant also asserts grounds for dismissal pursuant to "Rule 12(b)," he fails to articulate which defense under Fed.R.Civ.P. 12(b) applies and fails to assert any support for a 12(b) argument in his papers. Instead, Claimant relies on the "plain language" of 18 U.S.C. § 983(a)(1)(F), which does not adequately support his motion to dismiss.

Following the traditionally high bar set for allowing a motion to dismiss, the undersigned does not find grounds for dismissal here. Construing the allegations in the light most favorable to the government, the Complaint is supported by sufficient factual allegations that are more than speculative, and it gives fair notice of the claim and the grounds upon which it rests.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Claimant Steven Coburn's Motion to Dismiss Government's Complaint For Forfeiture In Rem" (Document No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that "Government's Response To Claimant's Motion To Dismiss And Government's Motion To Strike Claim (Document No 7) is **DENIED**.

**SO ORDERED**.

Signed: September 12, 2007

David C. Keesler
United States Magistrate Judge